## *Inhabitants of* China *vs.* Southwick *& al.*

In an action of trespass on the case, against one for an injury caused by the flowing of the waters of a certain pond, by a dam built by the defendant, at the head of a small stream forming the out-let of the pond, on which stream was a succession of mills, it was *held*, that the owners of the mills below, were competent witnesses for the defendant, though they participated in common with him, in the benefits resulting from the erection of the dam.

THIS was an action of trespass on the case for erecting and keeping up a dam at the out-let of the "twelve-mile pond" in *Vassalborough*, by which the plaintiffs' bridge, as alleged, and a part of their road, were overflowed and much injured. The general issue was pleaded and joined.

It appeared, that the dam in controversy was placed at the head of the out-let stream, which flowed from the twelve-mile pond, about seven miles, when it discharged itself into the *Sebasticook* river. Upon this stream there is a succession of mills; and the dam was built to keep up in the pond, a reservoir of water for their common benefit.

*Nathan Moore* and *Thomas Greenlow*, had an interest in some of the mills below, and were offered as witnesses in behalf of the defendant. The plaintiffs' counsel objected to their admission as incompetent, but *Weston J.* who tried the cause, admitted them.

The verdict was for the defendants. If these witnesses ought not to have been received, the verdict was to be set aside, and a new trial granted; otherwise, judgment was to be rendered thereon.

*Allen,* for the plaintiffs.

The witnesses were tenants in common with the defendants in

the *dam* — it was built for the common benefit of all below — and this action is brought to try *the right* to keep it up. If this action can be maintained, the witnesses would suffer in common with the defendants — if it fail, they will enjoy the benefits in common with the defendants. They are therefore directly and personally interested in defeating this action, and thereby keeping up the dam. One action settles the whole question. It cannot be tried again. The plaintiffs are the only persons injured — one satisfaction would be a full one. Persons thus situated should be excluded as witnesses. 2 *Stark. Ev.* 392, 746, 748 ; *Jacobson* v. *Fountain,* 2 *Johns.* 170 ; 12 *Johns.* 170 ; 3 *Dane's Abr.* 416 ; *ib.* 407 ; *Doe* v. *Foster, Cowper,* 621 ; 12 *Mod. R.* 24 ; *Lufkin* v. *Haskell,* 3 *Pick.* 356 ; *Odiorne* v. *Wade,* 8 *Pick.* 518.

*Boutelle,* for the defendants.

MELLEN C. J. — The single question reserved is, whether *Moor* and *Greenlow* were properly admitted as witnesses on the part of the defendants. Were they interested in the event of this suit ? In 2 *Stark. Ev.* 744, the law on this subject is laid down in these words : " The interest to disqualify" a witness " must be some *legal, certain* and *immediate* interest, however minute, in *the result of the cause,* or in the *record,* as an instrument of evidence, acquired without fraud. " In *Bent* v. *Baker,* 3 *T. Rep.* 27, and in *Smith* v. *Prague,* 7 *T. Rep.* 60, the rule is laid down in these words : " That no objection could be made to the competency of a witness upon the ground of interest, unless he were *directly* interested in the *event of the suit,* or could *avail himself of the verdict,* so as to give it in evidence on any future occasion, in support of his own interest." The passage cited by the plaintiffs' counsel from 2 *Stark.* 746, is in these words : " a party has such a direct and immediate interest in the event of a cause as will disqualify him, when the *necessary* consequence of a verdict will be to better his situation, by either *securing an advantage* or *repelling a loss ;* he must be either a gainer or loser *by the event.* " — See also *Schillinger* v. *McCann,* 6 *Greenl.* 364, and the cases there cited by the counsel and the Court. The plaintiffs' counsel frankly and very properly admits that the verdict in this cause can

never be given in evidence in favor or against either of the witnesses in any action they may bring ; but it is said that they are interested in the *event of this suit.* The dam which the defendants erected and which raised the water in the pond, was to " keep up in the pond a reservoir of water for the common benefit" of the owners of the successive mills on the stream leading from the pond. It could not be a *common* benefit, according to the facts as stated ; because those mills are not owned *in common,* but in *severalty.* The witnesses had an interest in *some* of the mills only. In the case of the town of *Calais* v. *Dyer,* 7 *Greenl.* 155, it was decided that where the defendant's mill-dam had raised the water so as to overflow a *town road* and damage it, the town could not maintain a complaint under our statute, *ch.* 45, against *Dyer,* because the town did not own the land ; but that there seemed to be no good reason why a special action on the case could not be maintained against him for damages to reimburse the expenses incurred in repairing the road ; and that perhaps the dam might be indicted as a nuisance to the *public,* though as to the *owners of lands flowed,* the dam was lawfully erected and maintained in virtue of said act. It is said, that if it may be *indicted* as a nuisance, it may also be *abated,* and such an abatement would essentially injure all the mills, and therefore the witnesses were interested to testify so as to defeat the action, for the preservation and continuance of the dam. Is not this plainly a *non sequitur?* Have not the defendants a legal right to maintain the dam, if they should guard the road so that it will not be overflowed and injured ? Is it *certain* that they will not ? If they should not so guard it, is it *certain* that they will be indicted for a nuisance, and that the dam will be removed and abated as such ? Is such a remote probability of an event, over which the witnesses can have no control whatever, any more than an interest which goes to the *credit* of the witnesses, and not to their *competency?* Is it, in the language of *Starkie,* " a *legal, certain* and *immediate* interest" in the witness ? But there is another answer to the objection. The interest must be one *in the event of this suit.* This action never can, and never could have any effect upon the dam. If the plaintiffs had recovered damages against the defendants, no execution on the judgment could have any legal effect as to

Inhabitants of China *v.* Southwick & al.

the continuance or abatement of the dam. In *this action,* therefore, the witnesses could not have any legal interest ; they could not gain or lose any thing in any event of it ; they were therefore properly admitted, even if they could not be competent witnesses for the defendants in the trial of an indictment against them for a nuisance in the erection of said dam. The cases which the counsel for the plaintiffs has cited from *Massachusetts Reports* and some other books, as to the inadmissibility of persons as witnesses in an action relating to certain alleged customs, and who are interested in the existence of the custom, are not applicable in a case like the present. The principle, excluding such persons, seems to be of a peculiar nature, and rather as an exception from the general rules of evidence. Besides, in those cases, the interest in question, from its nature, must be a *common one;* and when once established by law, belongs to the *local community* where it exists. But in the case before us, the witnesses did not erect the dam, nor does it appear that they own any part of it, either in *common* or in *severalty.* For the reasons assigned, the Court is of opinion that there must be

*Judgment on the verdict.*